**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1066
_____

RIAZ TALUKDER,
                                   Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                   Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A093-119-831 )
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2011

Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

( filed: June 14, 2011 )
_____

OPINION
_____

PER CURIAM

    Riaz Talukder, a native and citizen of Bangladesh, petitions for review of an order

of the Board of Immigration Appeals ("BIA") that denied his motion to reopen or

reconsider. We will deny the petition for review.

Talukder was placed in removal proceedings in 1998 because he attempted to enter the United States without being in possession of proper documents. Talukder admitted that he was removable, but applied for asylum and related relief. Talukder's claims were based on his allegation that he had been, and would be, persecuted by members of his wife's family, who were part of the Jamaat e-Islami political party. He alleged that the wife's family members, along with about ten others, severely beat his father and him in 1986 after he proposed marriage, because the wife's family believed that he had turned away from religion; that he was not a good Muslim. A.R. 487-88; 653. The Immigration Judge ("IJ") denied relief. A.R. 395. Taluder appealed. In a decision dated September 9, 2002, the BIA "determine[d] that [Talukder] was credible," and that he "fear[ed] persecution from his in-laws because they are religious fanatics." A.R. 352. The BIA assumed for the sake of appeal that his attackers sought to harm him, at least in part, on account of religious grounds, and that the harm rose to the level of persecution. Id. The BIA denied relief, however, because Talukder had not shown that the government was unwilling or unable to protect him from his wife's family. Id. The BIA also noted that Talukder had not shown that he would be unable to relocate within Bangladesh to avoid future persecution. A.R. 353. Talukder did not petition for review of this decision.

Nearly eight years later, Talukder filed a motion to reopen, seeking asylum, withholding of removal and protection under the Convention Against Torture ("CAT")

2

based on changed country conditions. Talukder alleged that the changes included "increased fundamentalist activity, the growth of Taliban groups country wide, the growth of any-western [sic] hatred and the increase in the ability of these Islamic groups to harm and injure [Talukder] and his family at the provocation of [his] wife's family, along with the police and government's willingness or inability to stop the hatred." A.R. 101.

In an October 8, 2010 decision, the BIA denied the motion. The BIA recognized that a showing of material and previously unavailable changed country conditions would excuse the untimeliness of the motion to reopen, but determined that Talukder had "not specified how conditions have changed since his 1999 hearing." A.R. 89. The BIA noted that, in particular, Talukder had failed to address the conclusion in the BIA's previous opinion that he had "failed to demonstrate that the police were unable or unwilling to protect him," and that he had "otherwise failed to present evidence that 'changed conditions' exist in Bangladesh which would materially affect his claim." Id. Talukder did not petition for review of this decision.

Instead, about a month later, Talukder filed a motion requesting reconsideration. With his motion, he included eleven exhibits, including current country reports, documentation of injuries he received in 1996, documentation to support an allegation that one of his brothers was beaten by his wife's family in 2002, documentation of an alleged attack on another brother by his wife's family in 2009, and affidavits regarding the notoriety of his wife's family and the fact that they are related to the current Minister

3

of Communications.

The BIA noted that Talukder did not identify any specific error in the BIA's October 8, 2010 order, and did not point out any change of law. The BIA thus denied the motion to reconsider.[1] Acknowledging the numerous attachments, the BIA also considered the motion as a motion to reopen. The BIA first noted that the motion was "both untimely and barred by numerical limitations." A.R. 3. The BIA again recognized that the time limitations (and numerical limitations) do not apply to a motion to reopen "based on changed country conditions, if such evidence is material and was not available and could not have been discovered or presented at the former hearing." Id. The BIA stated, however, that Talukder had "not indicated why these documents [attached to the motion] were not included in his prior motion," that he had "not articulate[d] any changed conditions" since the October 8, 2010 order, and that he also had "not demonstrated any changed country conditions which would materially affect his claim for asylum in 1999." Id. The BIA further stated that Talukder had produced insufficient evidence to alter the IJ's 1999 finding that "[Talukder] had failed to demonstrate that any fear he maintained of his in-laws was based on one of the five protected grounds." A.R. 4. Talukder filed a timely, counseled petition for review.

We have jurisdiction to review the BIA's December 28, 2010 order in which it

---

[1] Talukder does not challenge this portion of the decision.

refused to reopen or reconsider the case.[2] Kucana v. Holder, 130 S. Ct. 827, 840 (2010).

Our standard of review is narrow: we review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). The BIA's decision is entitled to "broad deference," Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003) (internal quotation and citation omitted), and it "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law," Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (internal quotation and citation omitted). In his brief, Talukder argues that in determining whether country conditions had changed, the BIA erred in considering the time since the previous motion to reopen, instead of the time since the proceedings before the IJ; that the BIA contradicted itself by saying that he had not demonstrated that his fear was based on a protected ground; and that it erred in failing to find that he made out a prima facie case for relief.[3]

We agree that the "change" in country conditions that will excuse an otherwise untimely motion to reopen is measured from the time that the hearing before the IJ took

_____

[2] We lack jurisdiction to review the BIA's removal order of September 9, 2002, and its October 8, 2010 order denying Talukder's first motion to reopen because Talukder did not file timely petitions for review of those orders. See 8 U.S.C. § 1252(b)(1) (providing for 30-day deadline in which to file petition for review); Stone v. INS, 514 U.S. 386, 395 (1995) (motion to reopen or reconsider does not toll time to file petition for review of BIA's underlying removal order).

[3] Talukder also argues that he showed he was likely to be tortured if he returned to Bangladesh. We agree with the Government that we lack jurisdiction to consider this argument, as Talukder did not raise any claim regarding possible torture in his second motion to reopen. 8 U.S.C. § 1252(d)(1).

5

place.  Filja v. Gonzales, 447 F.3d 241, 253-54 (3d Cir. 2006).  Nevertheless, we do not believe that the BIA abused its discretion in considering that the evidence Talukder sought to introduce could have been included with his previous motion to reopen, where that motion was based on the same claim, and the same alleged change in country conditions propounded in his second motion to reopen.  We do not believe that Congress anticipated that when an alien's first motion to reopen failed because he failed to meet his burden of establishing a prima facie case, he could continue to file serial motions to reopen, based on the same claim and same changes in country conditions, but seeking to introduce new evidence.

We also agree that the BIA may have erred in relying on the IJ's finding that Talukder "had failed to demonstrate that any fear he maintained of his in-laws was based on one of the five protected grounds" where, in contrast, in its decision on appeal it had assumed for the sake of appeal that his attackers sought to harm him, at least in part, on account of religious grounds, and that the harm rose to the level of persecution.  However, any error was of no consequence, as we agree with the BIA's alternative holding that Talukder had "not demonstrated any changed country conditions which would materially affect his claim for asylum in 1999."  The only changes in country conditions that Talukder indicated were that the Awami League party had come into power in Bangladesh and that the current Minister of Communications of Bangladesh is

6

related to his wife's family.[4]

However, whether the political change would make any change in the probability that Talukder would be persecuted is somewhat unclear from the evidence he submitted. For example, an affidavit from the Rajihar Union Parisad Chairman stated that Talukder's wife's family "is always supported and protected" and that the "police . . . do not do anything about the malicious acts committed by" the family "when the BNP party is in power." The affiant opined that now that "the Awami League party is in power . . . you would think that this would cut down [the wife's family's] power because the Awami League party has suppressed Islamic fundamentalists and generally brought them under control by arresting them for causing trouble" but that the wife's family is "a very well politically connected family and as such [it] yield[s] more power under the current government then [sic] [it] did before." A.R. 73. But if Talukder's in-laws proceeded with impunity before the Awami League party came into power, it is not clear how the political change can constitute a material change in country conditions. We thus find that the BIA did not abuse its discretion in denying the motion to reopen.

For the foregoing reasons, we will deny the petition for review.

---

[4] Talukder included an affidavit from someone related to his wife's father who indicated that the Communications Minister is "from the same family" as Talukder's father-in-law, but the affidavit does not indicate what the relationship is.